Eastern District of Kentucky
FILED
AUG 2 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-385-GWU

BILLY WAGERS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

The defendant has filed a Motion to Alter or Amend the Court's Memorandum Opinion, Order and Judgment of July 12, 2006, remanding the case to the Commissioner for further consideration of the plaintiff's mental functioning. Wagers v. Barnhart, London Civil Action No. 05-385 (E.D. Ky.). The Court's main concerns were that the Administrative Law Judge (ALJ) did not fully consider the notes of the plaintiff's treating psychiatrist, Dr. John Schremly, in determining his residual functional capacity, and did not consider the opinions given by non-examining state agency reviewing sources.

The Commissioner argues first that the statement by the ALJ that his residual functional capacity assessment was "consistent with the opinion[s] of the state agency medical consultants" and a later reference to "Exhibit 11 F", the report of one of the non-examining experts, shows that their opinions were considered. Commissioner's Motion to Alter or Amend, Docket Entry No. 24, p. 3. For reasons stated in the Court's Memorandum Opinion at pp. 10-11, the ALJ's failure to discuss

1

the restrictions given by the state agency experts was clearly erroneous in its failure to follow the requirements of 20 C.F.R. Section 404.1527(f)(2)(i). See Wilson v. Commissioner of Social Security, 378 F. 3rd 541, 544 (6th Cir. 2004) ("[a]lthough substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like Wilson . . . . It is an elemental principle of administrative law that agencies are bound to follow their own regulations.")  The ALJ cannot paper over discrepancies between Dr. Stodola's specific restrictions and the ALJ's less restrictive findings by a conclusory statement that they are consistent.[1]

The Commissioner next argues that there was no error in the ALJ's failure to mention and consider the Global Assessment of Functioning (GAF) score of Dr. Schremly, the plaintiff's treating psychiatrist.  The Commissioner cites unpublished cases to the effect that an ALJ's failure to cite evidence does not mean it was not considered.  Furthermore, the Commissioner contends the GAF score does not have to be considered by the ALJ.  In the context of the present case, the Court's concern was that the lack of reference to a GAF indicating "serious" symptoms was one of several shortcomings in the ALJ's summary of the evidence from the treating psychiatrist and the Comprehensive Care Center (CCC), an associated mental health clinic.  The GAF was one factor.  Other factors included the ALJ's implication

---

[1] For the reasons given in the Court's original Memorandum Opinion at p. 11, the Commissioner's argument to the ALJ's hypothetical question was consistent with Dr. Stodola's report is unpersuasive.

2

that the plaintiff appeared to be satisfied with his medications and these were continued; in fact, the notes indicate that the medications were changed and that there were also comments from the plaintiff to counselors at the CCC that he did not feel any of his medications were working, that he was having panic attacks, and that he was made nervous by any noise, such as from his father's chickens. The ALJ was serving not only as his own medical expert, but his summary of the evidence was one-sided to a degree that leads to questions regarding inadequate adjudication.

For all these reasons, the ALJ's analysis of the mental evidence was inadequate.

The Motion to Alter or Amend will be denied by separate order issued this same date.

This the 25 day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE