UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**FILED**
DEC 6 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-385-GWU

BILLY WAGERS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion on several grounds.

### II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1) the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3) the position of the government is not substantially justified, and

4) no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

1

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

### III. DISCUSSION

The Commissioner contends that the government's position was "substantially justified."

The Court's basis for ordering a remand was that the hypothetical factors selected by the Administrative Law Judge (ALJ) were not supported by substantial evidence. In brief, the mental hypothetical factors given to the vocational expert were that the plaintiff would be limited to only simple instructions and tasks, in object or task-focused settings that did not require public contact. (Tr. 661). The Court found that the ALJ had improperly failed to consider the opinion of a state agency psychological expert, Dr. Edward Stodola, under 20 C.F.R. Section 404.1527(f)(2)(i), and that the restrictions identified by the sources were potentially significant. The Court also found that the ALJ's summary of the notes of Dr. John Schremly, a treating psychiatrist, was inadequate in that it somewhat inaccurately

2

concluded that the plaintiff was satisfied with his medications, whereas the office notes showed that the medications were changed. Of more concern was that the ALJ had not taken note of a GAF score of 50, indicative of "serious" symptoms per the DSM-IV-TR, assigned by Dr. Schremly at his initial evaluation of Mr. Wagers. While the Commissioner (but not the ALJ) attempted to justify this omission by pointing to subsequent office notes from the psychiatrist at which the plaintiff reported he was not aware of being depressed or nervous any longer, this conclusion was contradicted by notes a few months later by a counselor at the same facility in which Mr. Wagers was reporting he was nervous, having panic attacks, and felt his medications were not working.

The Commissioner cites the case of Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002) for the proposition that an ALJ's residual functional capacity (RFC) finding is not inadequate because it fails to include a GAF score, and an unpublished case, Kornecky v. Commissioner of Social Security, 167 Fed.Appx. 496, 511 (6th Cir. 2006), for the proposition that an ALJ is not required to put "primary stock in a GAF score." Commissioner's Opposition to Plaintiff's Motion for Attorney's Fees, Docket Entry No. 30, pp.8-9. The issue in the present case was not that the GAF score was omitted from the RFC finding, or that it should have been given controlling weight. Rather, the issue was akin to that presented in the subsequent action for attorney's fees in Howard, supra, in which the Sixth Circuit held that the Commissioner's decision to deny benefits was without substantial justification because the ALJ had selectively considered the evidence in denying benefits. Howard v. Barnhart, 376 F. 3rd 551, 554 (6th Cir. 2004). Such selective consideration was present here.

3

Being persuaded by the plaintiff's affidavits and finding the rate of $125.00 an hour to be consistent with rates reasonably charged in this community, an award of $4,012.50 would be justified.

A separate order will be entered consistent with this opinion.

This the ____6____ day of December, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE